UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MICHAEL COLT, E-63137,<br>Plaintiff,<br>v.<br>JOHN GRANDSAERT, Judge, et al.,<br>Defendants. | Case No. 15-cv-04239-SK (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se complaint under 42 U.S.C. § 1983 seeking a federal court order invalidating his state conviction and damages for allegedly unlawful conduct in securing his state conviction. The complaint is properly before the undersigned for preliminary screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

1   defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be
2   liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th
3   Cir. 1990).

4         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:
5   (1) that a right secured by the Constitution or laws of the United States was violated, and
6   (2) that the alleged violation was committed by a person acting under the color of state
7   law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

      In 1990, plaintiff was charged with first degree murder, with torture as a special circumstance, in San Mateo County Superior Court.  The information also alleged a sentence enhancement for use of a weapon.  After the prosecution agreed not to seek the death penalty and the special circumstance was dropped, plaintiff entered a plea of no contest to the first degree murder charge and to the weapon enhancement allegation.  On July 13, 1990, the superior court sentenced plaintiff to 26 years to life in state prison.

      Plaintiff did not appeal, but later filed a petition for a writ of habeas corpus in the superior court challenging the validity of his plea.  In 1994, the superior court held a four-day evidentiary hearing after which it denied plaintiff's petition for state habeas relief.  The state court of appeal and supreme court also denied state habeas relief.

      In 2001, plaintiff filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court.  But on October 30, 2003, the court (Chesney, J.) denied the petition on the merits, see Colt v. Lewis, No. C 01-4026 MMC (PR) (N.D. Cal. Oct. 30, 2003) (order denying petition for writ of habeas corpus), and shortly thereafter the Ninth Circuit denied a certificate of appealability.

      Now, more than a decade later, plaintiff has filed a complaint under 42 U.S.C. § 1983 alleging that his "plea of nolo contendere to first degree murder and a weapons charge[] was obtained by systematic fraud" on the part of the presiding state judges, prosecutor, court-appointed defense attorneys and various other individuals associated with his state court proceedings.  Compl. (dkt. #1) at 2.  Plaintiff seeks (1) a federal court order

2

invalidating his state conviction and (2) damages for defendants' unlawful actions in securing his state conviction.

### 1. Court order invalidating state conviction

It is well established that habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under [42 U.S.C.] § 1983." Id.

Plaintiff's request for an order invalidating his state conviction must be brought in habeas rather than § 1983 because the request would necessarily spell immediate or speedier release. See id. Or, as the Supreme Court also has put it, plaintiff's request for an order invalidating his state conviction must be brought in habeas rather than § 1983 because any claim by a prisoner that would necessarily imply the invalidity of his conviction or continuing confinement, as plaintiff's claim would here, must be brought under the habeas sections of Title 28 of the United States Code. See Nelson v. Campbell, 541 U.S. 637, 642-44 (2004); Calderon v. Ashmus, 523 U.S. 740, 747 (1998).

Plaintiff's request for an order invalidating his state conviction accordingly will be dismissed without prejudice to bringing in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995). But because plaintiff already unsuccessfully challenged his state conviction in a prior federal habeas petition, he must seek permission from the Ninth Circuit before filing a second or successive habeas petition in this court. See 28 U.S.C. § 2244(b)(3)(A).

### 2. Damages for defendants' unlawful actions in securing conviction

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court therefore must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  See id.

Here, plaintiff's request for damages under § 1983 for defendants' unlawful actions in securing his state conviction is barred by Heck because a judgment in favor of plaintiff would necessarily imply the invalidity of a state conviction that has not already been invalidated.  If plaintiff litigated his claim for damages and successfully showed that his plea was obtained by "systematic fraud" on the part of defendants – including their suppressing exculpatory evidence and sabotaging plaintiff's intoxication defense – that success would inevitably call into question the state court judgment convicting plaintiff of first degree murder with use of a weapon.  See Thornton v. Brown, 757 F.3d 834, 843 (9th Cir. 2013) (a claim necessarily implies the invalidity of a conviction or sentence under Heck if its success will inevitably call into question the state court judgment that led to the plaintiff's custody).

Plaintiff asserts that Heck does not apply to his § 1983 action because his state conviction is based on a plea of no contest, "which is exempt from the Heck rule." Compl. (dkt. #1) at 1 (internal quotation marks omitted).   Not so.  A plea of no contest does not automatically insulate a subsequent § 1983 action from Heck's reach.

The Ninth Circuit has found Heck to bar § 1983 claims where the plaintiff's underlying state convictions were the result of guilty or no contest pleas.  See, e.g., Szajer v. City of Los Angeles, 632 F.3d 607, 610-12 (9th Cir. 2011) (no contest plea); Whitaker v. Garcetti, 486 F.3d 572, 583-85 (9th Cir. 2007) (guilty plea); Guerrero v. Gates, 442 F.3d 697, 703-04 (9th Cir. 2006) (guilty plea).  But the circuit also has recognized that Heck

4

does not necessarily bar all § 1983 claims in such cases because "if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." <u>Heck</u>, 512 U.S. at 487.

In <u>Lockett v. Ericson</u>, 656 F.3d 892 (9th Cir. 2011), police officers suspected the plaintiff of driving under the influence of alcohol and entered his home to obtain evidence, including by having the plaintiff take a breathalyzer and field sobriety tests. 656 F.3d at 894. The plaintiff did not successfully complete those tests and, after his arrest, subsequently moved to suppress that evidence based on allegations that the police seized that evidence without a warrant in violation of his Fourth Amendment rights. <u>Id.</u> at 894-95. The court denied the motion to suppress and the plaintiff then pled no contest to a lesser charge, a "wet reckless." <u>Id.</u> at 895. The plaintiff was put on probation for three years. <u>Id.</u> The plaintiff then filed a federal action under § 1983, which the district court found was barred by <u>Heck</u>. <u>Id.</u> On appeal, the Ninth Circuit held that the plaintiff's subsequent § 1983 action was not barred by <u>Heck</u>, reasoning that because plaintiff had pleaded no contest, his "conviction derives from his plea, not from a verdict obtained with supposedly illegal evidence. The validity of Lockett's conviction does not in any way depend upon the legality of the search of his home." <u>Id.</u> at 897 (internal quotations and citations omitted).

<u>Lockett</u> relied on an earlier Ninth Circuit case, <u>Ove v. Gwinn</u>, 264 F.3d 817 (9th Cir. 2001), where two plaintiffs who had entered pleas of guilty and no contest in their state criminal proceedings later challenged the blood tests taken after their DUI arrests. 264 F.3d at 823. The <u>Ove</u> panel found that <u>Heck</u> did not apply because the validity of those plaintiffs' convictions "does not in any way depend upon the legality of the blood draws." <u>Id.</u> The court explained that "a judgment in [plaintiffs'] favor will not imply the invalidity of their DUI convictions because the convictions do not depend upon the blood draws." <u>Id.</u>

/

5

1  Plaintiff's case is distinguishable from Lockett and Ove because plaintiff claims
2 that his "plea of nolo contendere to first degree murder and a weapons charge[] was
3 obtained by systematic fraud" on the part of the defendants, whereas the plaintiffs in
4 Lockett and Ove only claimed that the methods used by the police to obtain evidence were
5 unlawful.  The Lockett and Ove plaintiffs' pleas of guilty and no contest were not
6 inconsistent with their claims that the police obtained evidence against them in a way that
7 violated their constitutional rights.  But in the instant case plaintiff's plea of no contest is
8 inconsistent with his claim that defendants obtained the plea by systematic fraud.  If
9 plaintiff successfully showed that defendants obtained his plea of no contest by systematic
10 fraud – including by suppressing exculpatory evidence and sabotaging plaintiff's
11 intoxication defense – this would imply that plaintiff's plea is invalid.

12  Under the Supreme Court's holding in Heck, this court cannot entertain plaintiff's
13 claim for damages for defendants' unlawful actions in securing his plea of no contest
14 because a judgment in favor of plaintiff would necessarily imply the invalidity of a state
15 conviction that has not already been invalidated.  It matters not in this case that plaintiff's
16 state conviction is based on his plea of no contest rather than on a jury or court verdict.
17 Accord Kowarsh v. Heckman, No. 14-cv-5314-MEJ, 2015 WL 2406785, at **6-8 (N.D.
18 Cal. May 19, 2015) (finding claim of malicious prosecution barred by Heck because claim
19 implies that no contest plea was invalid); Bosworth v. United States, No. 14-cv-0283 DMG
20 (SS), 2014 WL 7466985, at **6-8 (C.D. Cal. Dec. 30, 2014) (same).  Plaintiff's claim for
21 damages fails to state a cognizable claim under § 1983 and must be dismissed without
22 prejudice.  See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa
23 Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

## CONCLUSION

25  For the foregoing reasons, the complaint is DISMISSED under the authority of 28
26 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  The
27 dismissal is without prejudice to plaintiff (1) filing a second or successive petition for a
28 writ of habeas corpus under § 2254 challenging his state conviction (if he obtains

1  permission from circuit), or (2) reasserting his claim for damages in a new § 1983
2  complaint if his conviction is invalidated.
3   The clerk shall enter judgment in accordance with this order, terminate all pending
4  motions as moot and close the file.
5   **IT IS SO ORDERED.**
6  Dated:  October 2, 2015  
   _____
7  SALLIE KIM
   United States Magistrate Judge

7